The Disciplinary Review Board having filed with the Court its decision in DRB 17-418, concluding that as a matter of final discipline pursuant to Rule 1:20-13(c) (2), Joshua Lawrence Gayl of Lafayette Hill, Pennsylvania, who was admitted to the bar of this State in 2006, and who has been temporarily suspended from the practice of law pursuant to Rule 1:20-13(b) since April 7, 2017, should be suspended from the practice of law for a period of three years based on respondent's plea of guilty in the United States District Court for the District of New Jersey to one count of conspiracy to commit obstruction of justice, in violation of 18 U.S.C. § 371 (1994), conduct in violation of RPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer), and RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);
And the Disciplinary Review Board having further concluded that the term of suspension should be retroactive to the date of respondent's temporary suspension;
And the Disciplinary Review Board having further concluded that prior to reinstatement, respondent should provide proof of his fitness to practice law;
And good cause appearing;
It is ORDERED that Joshua Lawrence Gayl is suspended from the practice of law for a period of three years, retroactive to April 7, 2017, and until the further Order of the Court; and it is further **416 ORDERED that prior to reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.